UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, and State Farm Fire & Casualty Company, | |
| Plaintiffs, | Case No. 8:21-cv-02536-SCB-AEP |
| v. | Hon. Susan C. Bucklew |
| Michael Thomas LaRocca, D.C., *et al.*, | Magistrate Judge Anthony E. Porcelli |
| Defendants. | |

**PLAINTIFFS' MOTION FOR SANCTIONS AND ORDER TO SHOW CAUSE**

Plaintiffs respectfully request the Court enter an order for sanctions against Jessica Sells, a "marketer" who worked for Michael LaRocca and the LaRocca Clinics from 2019 through 2020, for failing to comply with the Court's March 14, 2023 Order ("Order") compelling her deposition. (ECF 249.) Specifically, Plaintiffs respectfully request an order: (1) awarding Plaintiffs $814.35, which represents their reasonable costs of securing a reporter and videographer to appear in Judge Porcelli's courtroom on March 31 pursuant to the Order; (2) compelling Sells' attendance at a deposition within 14 days of granting this Motion; and (3) scheduling a hearing to show cause why sanctions should not be imposed against Sells' counsel due to Sells' failure to comply with the Order and refusal to cooperate with Plaintiffs to schedule her deposition. This Motion is based on the accompanying brief, which is incorporated herein. Pursuant to Local Rule 3.01(g), counsel for Plaintiffs attempted in good faith to obtain compliance with the Order and request in this Motion but exhausted the

1

meet-and-confer process without obtaining compliance. Plaintiffs sent Sells' counsel numerous communications between March 14 and March 31 to resolve the issues presented in this Motion. Despite this Court's Order, Sells has not agreed to schedule her deposition and opposes this Motion.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, and State Farm Fire & Casualty Company,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Michael Thomas LaRocca, D.C., *et al.*,<br><br>　　　　Defendants. | Case No. 8:21-cv-02536-SCB-AEP<br><br>Hon. Susan C. Bucklew<br>Magistrate Judge Anthony E. Porcelli |

**PLAINTIFFS' BRIEF IN SUPPORT OF**
**<u>MOTION FOR SANCTIONS AND ORDER TO SHOW CAUSE</u>**

　　For the past 10 weeks, Jessica Sells has evaded every attempt by Plaintiffs to take—or even schedule—her deposition. After trying unsuccessfully to schedule her deposition in late January and early February, Plaintiffs were forced to file a motion to compel. On March 14, this Court granted Plaintiffs' motion and ordered Jessica Sells and her counsel, Christopher Leifer, to cooperate with Plaintiffs to schedule her deposition. (ECF 249.) If the parties could not agree on a date, the Court ordered her deposition "*must be held on March 31*" in Judge Porcelli's courtroom. (*Id.*) The Court's Order could not have been clearer:

> Docket Text:
> ENDORSED ORDER granting [228] Motion to Compel Deposition of Sells; and finding as moot [229] Motion to Compel 305 No Fault Inc. The Court directs Jessica Sells' deposition to be held on or before March 31, 2023. The Court grants the Motion to the extent that Ms. Sells' deposition must be held on March 31, 2023 in Courtroom 10 A, if no earlier date can be agreed upon by the parties. Signed by Magistrate Judge Anthony E. Porcelli on 3/14/2023. (BMM)

3

Despite the Order's clarity, Sells refused to cooperate with Plaintiffs. Immediately after the Court entered its Order, Plaintiffs contacted Mr. Leifer asking for Sells' availability. (Ex. 1.) Plaintiffs emailed Mr. Leifer again the next day. (*Id.*) Despite the fact Sells works for Mr. Leifer as his employee (and despite having contact with her *before* the Court ordered her deposition), Mr. Leifer claimed he no longer was in touch with Sells. (*Id.*) Plaintiffs followed up with Mr. Leifer on March 20. (*Id.*) Mr. Leifer did not respond. Plaintiffs contacted him again on March 23 about Sells' availability. (*Id.*) Mr. Leifer responded claiming he still had no contact with his own employee and Plaintiffs needed to personally serve her with a deposition subpoena to compel her attendance.[1] (*Id.*) Plaintiffs replied this was unnecessary because the Order already compelled her attendance. (*Id.*) Between March 24 and March 30, Plaintiffs followed up with Mr. Leifer multiple times about compliance with the Order. (*Id.*) Mr. Leifer never confirmed Sells' availability. (*Id.*) Indeed, despite numerous requests from January 31 (when Plaintiffs first asked for Sells' availability) to the present, Mr. Leifer has **never** provided Plaintiffs any dates for Sells' deposition. On March 31, to comply with the Order, Plaintiffs appeared with a court reporter and videographer in Judge Porcelli's courtroom in case Sells appeared. (Exs. 2-3.) She never did. (Ex. 3.)

Sanctions are warranted here. Sells failed to comply with the Order by refusing to cooperate with Plaintiffs to schedule her deposition before March 31 and failing to

---

[1] Mr. Leifer's claim Plaintiffs needed to re-serve his client with a subpoena makes no sense. Plaintiffs already properly served her with a deposition subpoena (the validity of which neither he nor Sells ever challenged) and the Court ordered her to appear for her deposition on or before March 31.

appear in Judge Porcelli's courtroom on that day. As a result, the Court should enter an Order requiring her to pay Plaintiffs' costs of scheduling a court reporter and videographer to appear in Judge Porcelli's courtroom on March 31. *See, e.g.*, Fed. R. Civ. P. 37(d)(1)(A)(i) ("the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure is substantially justified or other circumstances make an award of the expense unjust."); *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (district courts have "broad powers under the Federal Rules of Civil Procedure to impose sanctions for a party's failure to abide by court orders[.]"); *Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x 909, 916 (11th Cir. 2010) (affirming the district court's award of sanctions under Rule 37 when the sanctioned party failed to appear for a properly-noticed deposition).

Based on this Court's prior Order allowing Plaintiffs to conduct five depositions of Defendants' "marketers" (ECF 190, PageID.5664), Plaintiffs have done everything they can to depose Sells—to no avail. Because of the duration of her employment with Defendants, the amounts Defendants paid her across time, and certain documents produced in discovery showing her close connection to patient referrals to the LaRocca Clinics, Plaintiffs want to depose her to learn the nature of her "marketing" activities for Defendants. In fact, given all her efforts to evade Plaintiffs' attempts to depose her—including, now, refusing to comply with this Court's Order—Plaintiffs are even more interested to learn about the "marketing" she performed for Defendants. Thus, the Court should also enter an order compelling Sells to attend another deposition

within 14 days of granting this Motion.[2] *See, e.g.*, *Adekunle v. Care Ctrs. of Nassau, LLC*, 2013 WL 12157549, at *1 (M.D. Fla. Nov. 13, 2013) (compelling non-party witness to cooperate in scheduling of, and appear for, deposition after Plaintiff properly issued a subpoena for his deposition); *Allianz Global Risks U.S. Ins. Co. v. Singlesource Roofing Corp.*, 2006 WL 5112608, at *1 (M.D. Fla. Nov. 14, 2006) (granting motion to compel deposition dates after Plaintiff's counsel "made two separate attempts" to contact counsel to schedule the proposed deposition but was unable to establish dates); *CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, 2022 WL 2341226, at *4–5 (S.D. Fla. Apr. 12, 2022) (granting motion to compel non-party deposition where issuing party was "diligent in attempting to coordinate [the non-party's] compliance with the subpoena at a mutually convenient time" but non-party was non-compliant).

Additionally, Plaintiffs respectfully request this Court schedule a hearing to show cause why sanctions should not be imposed against Mr. Leifer due to Sells' failure to comply with the Order and her repeated failures to cooperate with Plaintiffs to schedule her deposition. It is undisputed Mr. Leifer represents Sells—he filed a response contesting Plaintiffs' motion to compel her deposition, argued against Plaintiffs' motion on her behalf at the March 14 hearing, and appeared on March 31 and made a statement on the record during her no-show deposition. Moreover, ***it is undisputed Sells works for him at his law firm as his employee and "marketer."*** Not only

---

[2] Although the discovery deadline has passed, Sells should not get the benefit of running out the clock by refusing to provide Plaintiffs with her availability despite numerous requests, forcing Plaintiffs to file a (timely) motion to compel, and failing to comply with the Court's Order.

6

has Mr. Leifer admitted Sells is his employee, but his law firm's website clearly identifies her as part of his "marketing" team:[3]



Mr. Leifer's claims he could not guarantee his own employee's compliance with this Court's Order because he has been "out of touch" with her for almost a month defy common sense. Tellingly, he has never explained why he suddenly fell out of touch with his own employee only *after* the Court ordered her deposition. In fact, Mr. Leifer and his law firm have stonewalled Plaintiffs' attempts to depose Sells from the beginning. Mr. Leifer stopped responding to Plaintiffs after their first request for available dates for Sells' deposition. (ECF 228, PageID.6239.) On February 15, after Plaintiffs were forced to file their motion to compel, another attorney at Mr. Leifer's firm for whom Sells works, Phil Friedman, contacted Plaintiffs demanding they "cease in their efforts to depose or seek anything further or otherwise involve Jessica Sells in [this] litigation[.]" (Ex. 4.) Mr. Friedman—who indicated he was Sells' "personal

---

[3] Indeed, Sells has her own dedicated page and biography on his firm's website: https://fllegalgroup.com/marketing_associates/jessica-sells/ (last accessed April 11, 2023).

attorney" during a telephone conference with Plaintiffs' counsel, Mr. Powers, that same day—refused "to engage in any further discussions" about scheduling her deposition. (*Id.*) On February 22, Plaintiffs' counsel, Messrs. Powers and Gortner, had a telephone conference with Mr. Friedman during which he threatened Plaintiffs with reprisals in litigation his firm handles against Plaintiffs in Florida state court if Plaintiffs continued pursuing Sells' deposition. Despite numerous attempts to schedule Sells' deposition since January 31 (including after the Court entered its Order, as explained, *supra*, p. 4), Messrs. Leifer and Friedman have ***never*** provided any dates for Sells.[4] This type of gamesmanship flouts basic fairness and this District's expectation that counsel will cooperate regarding the scheduling of depositions. (*See* MDFL Discovery Handbook, §§ I.A.1. and II.A.1.) Thus, Plaintiffs respectfully request this Court schedule a hearing to show cause why sanctions should not be imposed against Mr. Leifer for Sells' failure to comply with the Court's Order and repeated failures to cooperate with Plaintiffs to schedule her deposition. *See Campos v. Chavam Enterprises, Inc.*, 2021 WL 1178548, at *4 (S.D. Fla. Feb. 16, 2021), *report and recommendation adopted*, 2021 WL 1177485 (S.D. Fla. Mar. 29, 2021).

In conclusion, Plaintiffs respectfully request this Court grant their motion and enter an Order: (1) awarding Plaintiffs $814.35, which represents their reasonable costs of securing a reporter and videographer to appear in Judge Porcelli's courtroom on March 31 pursuant to the Order (Ex. 2); (2) compelling Sells' to attend a deposition

---

[4] Neither Sells, Mr. Leifer, nor Mr. Friedman has ever challenged the validity of Plaintiffs' subpoena.

within 14 days of granting this Motion; and (3) scheduling a show cause hearing for why sanctions should not be imposed against Mr. Leifer due to Sells' non-compliance with the Order and repeated failures to cooperate with Plaintiffs to schedule her deposition.

By: */s/ Michael J. Powers /* admitted *pro hac vice* / Katten Muchin Rosenman LLP 525 W. Monroe Street, Chicago, IL 60661-3693 / IL 6319443 / michael.powers@katten.com / (312) 902-5200

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will cause notice to be sent to all counsel of record.

By:   /s/ *Michael J. Powers*