# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

State Farm Mutual Automobile Insurance Company, and State Farm Fire & Casualty Company,

    Plaintiffs,

v.

Michael Thomas LaRocca, D.C., *et al.*,

    Defendants.

Case No. 8:21-cv-02536-SCB-AEP

Hon. Susan C. Bucklew
Magistrate Judge Anthony E. Porcelli

### PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE THEIR REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER SEAL

State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, pursuant to Local Rule 1.11(c) and the stipulated protective order entered in this case (ECF 63), respectfully request leave to file under seal unredacted versions of their Reply in Support of Motion for Partial Summary Judgment (ECF 256) and certain supporting exhibits. This Motion is based on the accompanying brief, which is incorporated herein. Plaintiffs conferred with Defendants on May 9, 2023. They do not oppose Plaintiffs' request.

Valid grounds exist for sealing these documents, and the public's interest in the information found within these filings is outweighed by the parties' interests in preserving the confidentiality of this information. As such, Plaintiffs respectfully request the Court enter an Order granting them leave to file unredacted versions of

1

their Reply Brief and supporting exhibits under seal.

By: /s/ <u>Michael J. Powers</u> / admitted *pro hac vice* / Katten Muchin Rosenman LLP 525 W. Monroe Street, Chicago, IL 60661-3693 / IL 6319443 / michael.powers@katten.com / (312) 902-5200

*Attorneys for Plaintiffs State Farm Mutual and State Farm Fire and Casualty*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, and State Farm Fire & Casualty Company,<br><br>    Plaintiffs,<br><br>v.<br><br>Michael Thomas LaRocca, D.C., *et al.*,<br><br>    Defendants. | Case No. 8:21-cv-02536-SCB-AEP<br><br>Hon. Susan C. Bucklew<br>Magistrate Judge Anthony E. Porcelli |

**BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE THEIR REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER SEAL**

Plaintiffs move for leave to file under seal unredacted versions of their Reply in Support of Motion for Partial Summary Judgment (ECF 256) and supporting exhibits (collectively, "the Proposed Sealed Materials").

The Proposed Sealed Materials consist of certain financial and patient information contained in documents Defendants produced during discovery in this case, including the Clinics' private bank records, patient logs, and related documents. Defendants designated all these materials as confidential under the Protective Order. (ECF 63.)

I.    **LEGAL STANDARD**

Though "a court's discretion is guided by the presumption of public access[,]" the presumption is not absolute. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235

(11th Cir. 2013). Courts "have discretion to determine which portions of the record, if any, should remain under seal," considering the nature and character of the information and balancing the public's right of access against a party's interest in confidentiality. *Id.* at 1235. Pursuant to Local Rule 1.11, a motion for leave to file under seal must (1) describe the item proposed for sealing; (2) state the reason (a) filing the item is necessary, (b) sealing the item is necessary, and (c) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (3) propose a duration of the seal; (4) identify those authorized to retrieve a sealed, tangible item; and (5) include a legal memorandum supporting the seal. M.D. Fla. Local Rule 1.11(c). In determining whether filing under seal is warranted, courts look to such factors as whether allowing public access would harm legitimate privacy interests and the degree and likelihood of injury if the documents are made public. *See Whertec, Inc. v. Salmon*, 2021 WL 3773427, at *1 (M.D. Fla. Aug. 25, 2021) (*citing Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).)

II.     **LEGAL ANALYSIS**

Valid grounds exist for sealing the Proposed Sealed Materials, and the public's interest in the information found within the Proposed Sealed Materials is outweighed by the parties' interests in preserving the confidentiality of this information. The Proposed Sealed Materials include information from the Clinics' private bank records and patient logs—materials they designated as confidential under the Protective Order.

Filing the Proposed Sealed Materials is necessary because Defendants' confidential financial information and the information contained in the patient logs is

critical to Plaintiffs' arguments in their Reply in Support of their Motion for Partial Summary Judgment. In short, the Proposed Sealed Materials are foundational to Plaintiffs' arguments in the Reply and redaction alone would be insufficient because the Court must be able to evaluate this information in the context of Plaintiffs' brief.

Plaintiffs cannot publicly file the Proposed Sealed Materials because Defendants designated the information at issue as "Confidential" pursuant to the Protective Order entered in this matter. (*See* ECF 63.) While the information is critical to Plaintiffs' arguments, disclosure of information marked by Defendants as Confidential would frustrate the Protective Order. *See Ky. Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc.*, 2007 WL 1183065, at *1 (E.D. Ky. Apr. 19, 2007) (concluding that "disclosure of . . . confidential . . . material in plaintiff's . . . amended complaint would defeat the purpose of, and violate the existing protective order . . . [and] that the defendants have carried their burden to overcome the presumption of public access to the designated material.") Such disclosure may harm the parties' interests. *See NXP B.V. v. Blakberry Ltd.*, 2014 WL 12622459, at *1 (M.D. Fla. Mar. 17, 2014) ("Allowing public access to documents which have been designated as C[onfidential], C[onfidential—attorney's eyes only pursuant to a protective order], or which are otherwise privileged could harm the parties' legitimate interests.").

Additionally, recognizing the presumption of public access, Plaintiffs request only partial sealing of these filings. In the publicly available versions filed via PACER, Plaintiffs intend to redact only those discrete portions of the Reply and supporting exhibits that specifically contain or reference the confidential material. The remainder

of these filings shall remain unredacted and publicly accessible. *See Whertec, Inc.*, 2021 WL 3773427, at *1 (permitting filing under seal where document and related redacted information concern confidential business information and "[t]he unredacted parts of the papers provide the public enough information to understand any judicial determinations made based on the papers"). Plaintiffs propose the seal remain in place through the resolution of this case, including any appeal, and that Plaintiffs, Defendants, and all counsel who have filed appearances on behalf of Plaintiffs and Defendants in this matter be authorized to retrieve sealed items.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court enter an Order granting them leave to file under seal an unredacted version of their Reply in Support of their Motion for Partial Summary Judgment and certain supporting exhibits, as explained herein.

### LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule of the Middle District of Florida 3.01(g), undersigned counsel hereby certifies that counsel for Plaintiffs conferred with Defendants via email on May 9, 2023. Defendants do not oppose this motion.

By: /s/ Michael J. Powers / admitted *pro hac vice* / Katten Muchin Rosenman LLP 525 W. Monroe Street, Chicago, IL 60661-3693 / IL 6319443 / michael.powers@katten.com / (312) 902-5200

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will cause notice to be sent to all counsel of record.

By: _/s/ Michael J. Powers_