UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

State Farm Mutual Automobile Insurance Company, and State Farm Fire & Casualty Company,

    Plaintiffs,

v.

Michael Thomas LaRocca, D.C., *et al.*,

    Defendants.

Case No. 8:21-cv-02536-SCB-AEP

Hon. Susan C. Bucklew
Magistrate Judge Anthony E. Porcelli

**PLAINTIFFS' COMBINED MOTIONS *IN LIMINE* AND INCORPORATED BRIEF**

Pursuant to the Court's Order (ECF 246), State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company submit the following Combined Motions *In Limine* ("MIL"), which respectfully request the Court preclude Defendants from referencing, or presenting evidence, argument, and/or testimony regarding each of the following topics and issues:

- **MIL No. 1:** Defendants should be precluded from eliciting testimony from lay and expert witnesses about others' motives or state of mind, or rendering legal opinions on fraud, as such testimony would be speculative, outside the scope of appropriate testimony for any witness, unduly prejudicial, and appropriately excluded under Rule 403.

- **MIL No. 2:** Defendants should be precluded from introducing evidence or argument regarding Plaintiffs' financial condition, size, or the number of individuals they employ under Rule 402 because such issues have no bearing on whether Defendants defrauded Plaintiffs, and under Rule 403 because such evidence and argument is unduly prejudicial.

- **MIL No. 3:** Defendants should be precluded from introducing evidence or argument that reference Plaintiffs' motives for filing this lawsuit; such evidence should be excluded under Rule 402 because it has no relationship to the central

1

issue to be tried in this case, and under Rule 403 because it is unduly prejudicial.

- **MIL No. 4:** Defendants should be precluded from introducing evidence or argument that this lawsuit has injured Defendants or caused damage to Defendants' reputation, about the cost of defense, or that Plaintiffs are trying to run Defendants out of business because such evidence and argument lack any probative value under Rule 402 and is unduly prejudicial under Rule 403.

- **MIL No. 5:** Defendants should be precluded from introducing evidence or argument referencing Plaintiffs' other litigation or investigations involving other providers who/that are not parties to this lawsuit, as irrelevant under Rule 402 and unduly prejudicial under Rule 403.

- **MIL No. 6:** Defendants should be precluded from introducing evidence, eliciting testimony, inviting speculation, and making argument at trial about the Parties' 2019 confidential discussions.

For the reasons discussed next, Plaintiffs respectfully request the Court enter an order granting its Combined Motions *in Limine*.

## I.   LEGAL STANDARD

The Court's inherent authority to manage the course of its trials encompasses the right to grant motions *in limine*. *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984). "The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *State Farm v. John Romano, D.C.*, 2013 WL 12061865, *1 (S.D. Fla. Oct. 30, 2013) (citation omitted). The following black-letter rules and principles of law govern many of the motions *in limine* at issue here.

First, under Federal Rule of Evidence ("Rule") 402, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Irrelevant evidence is that which has no "tendency to make a fact more or less probable than it would be without the evidence." Fed. R.

2

Evid. 401. Moreover, although relevant, the Court may exclude evidence under Rule 403 "if its probative value is substantially outweighed by the danger of. . . unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *Dover v. R.J. Reynolds Tobacco Co.*, 2014 WL 4723116, at *2 (M.D. Fla. Sept. 22, 2014).

Other evidentiary rules are relevant here. Under Rule 701, if a witness is not testifying as an expert, opinion testimony is limited to testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. And, under Rule 702, an expert's opinion is admissible, by the discretion of the trial court, if (1) the expert is qualified as such by knowledge, skill, experience, training, or education; (2) the testimony is relevant, meaning it will assist the trier of fact to understand the evidence or to determine a fact in issue; and (3) the testimony is reliable, meaning it is based on sufficient facts or data, is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case. *Wyndham Vacation Ownership, Inc. v. Slattery*, 2022 WL 17463111, at *1 (M.D. Fla. June 1, 2022).

## II.   ARGUMENT

### A.  MIL No. 1:  Defendants Should Be Prohibited From Eliciting Testimony From Lay And Expert Witnesses About Others' Motives Or State Of Mind, Or Rendering Legal Opinions On "Fraud."

This Court should preclude Defendants from impermissibly eliciting opinion testimony from witnesses about others' motives or state of mind or offering legal conclusions about fraud, such as statements that Defendants did not "intend" to commit fraud or concluding there was no "fraud" here. These determinations are for the Court and/or the jury—witnesses cannot opine on such matters.

Neither lay nor expert witnesses can offer opinions on others' motives or state of mind. *See, e.g.*, *Maharaj v. Geico*, 2015 WL 11279830, at *6 (S.D. Fla. Mar. 12, 2015) (excluding opinion testimony regarding motives). Lay witnesses cannot opine on others' state of mind because it's speculative. *See* Fed. R. Evid. 701(a). Likewise, an expert cannot opine on others' motive or state of mind because it is not a proper subject of expert testimony. *See, e.g.*, *Ocasio v. C.R. Bard, Inc.*, 2015 WL 2062611, at *4 (M.D. Fla. May 4, 2015) (concluding experts "may not testify as to [defendant]'s knowledge, intent, or state of mind because such knowledge invades the province of the jury, which is capable of deciding such matters without expert help").

Defendants refused to make their experts available for deposition, but their expert disclosures are replete with impermissible "opinions" about Defendants' state of mind and motive. For example, one of Defendants' experts, Daniel Bowerman, D.C., opines about Defendants' state of mind as follows:

[REDACTED]

(Ex. 1, ¶ 35(d).) Elsewhere, Dr. Bowerman offers his opinion about [REDACTED]:

[REDACTED]

(*Id.*, ¶ 35(f).) The Court should preclude Defendants from eliciting any opinion testimony from expert witnesses regarding Defendants' intent or state of mind. Likewise, no witness should be permitted to opine upon the state of mind of others.

Similarly, the Court should prohibit Defendants from eliciting expert or lay testimony on legal conclusions, such as whether "fraud" has occurred in this case. Rule 701 limits lay witnesses to testimony "that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Blanco v. Capform, Inc.*, 2013 WL 118171, at *1 (S.D. Fla. Jan 9, 2013). And "[s]tatements by lay witnesses that include legal conclusions . . . are improper and inadmissible at trial." *Id.* (granting motion *in limine* to preclude fact witness from testifying about legal conclusions). Likewise, "[a]n expert may not offer an ultimate legal conclusion." *See, e.g., Geico v. Right Spinal Clinic, Inc.*, 2022 WL 743800, at *3 (M.D. Fla. Mar. 11, 2022). Stated differently, as controlling law in this Circuit holds, experts "may not testify to the legal implications

of conduct; the court must be the jury's only source of law." *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990).

Once again, Defendants' expert disclosures demonstrate Defendants intend to elicit testimony about whether their conduct amounts to "fraud" or whether any Defendant possessed a "fraudulent" intent. For example, Dr. Bowerman opines:

██████████████████████████████████████

(*See, e.g.*, Ex. 1, Bowerman Initial Report, ¶ 31 (emphasis added).) Dr. Bowerman further concludes ████████████████ ████████████████:

██████████████████████████████████████

(*Id.* ¶ 35(c) (emphasis added).) Similarly, he concludes ████████ ████████████████████:

██████████████████████████████████████

(*Id.* ¶ 25(b) (emphasis added).) Dr. Bowerman also concludes ████ ████████████:

██████████████████████████████████████

████████████████████████████████████████

(*Id.* ¶ 26(a) (emphasis added).) Dr. Bowerman's rebuttal report also offers his legal opinion about ███████████████

████████████████████████████████████████

\* \* \*

████████████████████████████████████████

(Ex. 2, Bowerman Rebuttal Report, ¶¶ 23, 41 (emphasis added); *see also id.* ¶¶ 25-30 (offering similar opinions about ██████████████████████████████████).) Defendants' other expert, Charles Nalley, M.D., also opines ████████████ ██████████████████████████:

████████████████████████████████████████

(Ex. 3, Nalley Initial Report, pp. 5, 7.) In his rebuttal report, Dr. Nalley again concludes █████████████████████████████████████:

████████████████████████████████████████

(Ex. 4, Nalley Rebuttal Report, pp. 6-9.) None of this anticipated testimony is appropriate. *See, e.g.*, *Geico*, 2022 WL 743800, at *3 (barring expert from testifying that it was "impossible for GEICO to prove its case or what evidence it would need to show that [the defendant] acted fraudulently or with intent to deceive."); *Special Needs Grop. Inc. v. Garnett*, 2021 WL 129821, at *1 (M.D. Fla. July 30, 2021) (experts may not testify about legal conclusions, whether conduct constitutes fraud or deceptive intent, or about what anyone knew or should have known).

Furthermore, under Rule 403, this Court may exclude such lay and expert testimony about another's state of mind and on legal conclusions because any probative value is substantially outweighed by the dangers of unfair prejudice, confusing and/or misleading the jury. Fed. R. Evid. 403. Speculation about another's state of mind will confuse and mislead the jury, and cause undue prejudice. Moreover, statements on a witness's legal opinion only tell a jury how to decide an issue but offer no probative value in resolving factual disputes. *See Ocasio v. C.R. Bard, Inc.*, 2015 WL 2062611, at *4 (M.D. Fla. May 4, 2015) (expert testimony regarding defendants' "knowledge, intent, or state of mind must be excluded because they are not helpful to the finder of fact"). Such statements are also likely to confuse or mislead the jury and would be highly prejudicial to Plaintiffs, especially when made by an expert witness. The Court "must be sensitive to the jury's temptation to allow the judgment of another authority to substitute for its own." *United States v. Evans*, 910 F.2d 790, 803 (11th Cir. 1990). If Defendants' experts offer testimony about their legal opinions, the jury will likely forego their own analysis and simply adopt the opinion of an "expert." *Id.*

8

("expert testimony would not have aided the jury [and] the testimony presented a risk that the jury would allow the judgment of the expert to substitute its own"); *U.S. v. Fosher*, 590 F.2d 381, 382 (1st Cir. 1979) (affirming exclusion of expert in part because the jury was fully capable of assessing the issue as to which the expert would testify and expert testimony "raise[s] a substantial danger of unfair prejudice, given the aura of reliability" that it carries). The danger of unfair prejudice to Plaintiffs substantially outweighs any negligible probative value this testimony might have. Accordingly, Defendants should be prohibited from eliciting testimony from any witness regarding any other person's intent or state of mind, or from offering legal conclusions.

    **B.    MIL No. 2: Defendants Should Be Precluded From Introducing Evidence Or Argument Regarding Plaintiffs' Financial Resources, Size, Or The Number Of Individuals They Employ.**

At trial, Defendants are likely to introduce evidence or arguments regarding Plaintiffs' financial condition, size, or the number of individuals they employ to evoke jurors' sympathies for Defendants and arouse their prejudices against insurance companies. Defendants have repeated this common refrain throughout this case. For example, during briefing on the motion to dismiss, Defendants argued:

> damages. *State Farm leverages its significant resource advantage over the medical providers by turning each case into a war of attrition,* because it knows that if it drags the case out for years and engages in scorched-earth discovery tactics, medical providers will settle to avoid insolvency.

(ECF 48, PageID.540 (emphasis added).) Likewise, in subsequent pretrial proceedings, Defendants argued Plaintiffs' net worth somehow counseled against allowing an amendment to the pleadings. (*See* ECF 114, PageID.2457-58 ("State Farm's most recent announcement of *its net worth is $143.2 billion*. [] Defendants, on the other hand, are individual health care providers and small clinics without access *to the limitless resources available to State Farm*. [] Defendants have stated repeatedly that State Farm is trying to turn this case into a war of attrition.") (emphasis added).) And in opposing discovery, Defendants suggested the Court should deny Plaintiffs' requested relief because Defendants were "small, privately held companies," not "*billion dollar insurance companies with unlimited budgets*." (*See* ECF 113, PageID.2409 (emphasis added).) These types of arguments are likely to continue at trial. However, as courts routinely hold, arguments about corporate status or wealth meant to evoke sympathy in jurors are generally irrelevant and unfairly prejudicial. *See, e.g.*, *Moyer v. Siemens Vai Servs., LLC*, 2013 WL 12231277, at *3 (E.D. La. June 28, 2013) (excluding evidence of defendant's size or wealth); *Riley v. Ford Motor Co.*, 2011 WL 3273592, at *1 (S.D. Miss. July 29, 2011) (excluding "any evidence, reference, or argument regarding the[] financial condition or the relative wealth/poverty of the parties" as "irrelevant"). This evidence and argument is properly excluded for at least two reasons.

First, any evidence and argument regarding Plaintiffs' size or financial condition is irrelevant under Rule 402 because it has no bearing on the central issues

10

in this case, namely whether Defendants engaged in a scheme to defraud Plaintiffs. *See, e.g.*, *Alimenta (U.S.A.), Inc. v. Cargill Inc.*, 861 F. 2d 650, 652 (11th Cir. 1988) (affirming order granting motion *in limine* to exclude irrelevant and prejudicial references to the defendant's size and resources because "net sales or net worth" of large corporate defendant had no bearing on the issues to be determined at trial). Defendants have not asserted, nor could they, that their conduct was lawful and not fraudulent because of Plaintiffs' size or resources. In short, the size and financial condition of Plaintiffs do not make any fact at issue in this case more or less likely to be true. *See, e.g.*, *Circuitronix, LLC v. Shenzhen Kinwong Elec. Co.*, 2019 WL 13066364, at *4 (S.D. Fla. Feb. 8, 2019) (excluding evidence of defendant's size as "irrelevant").

Furthermore, to guard against the potential for preexisting prejudice against large insurance companies, such references should also be excluded as unfairly prejudicial under Rule 403. These types of arguments seek only to improperly bias the jury against Plaintiffs while invoking sympathy for Defendants. *See Losch v. Experian Info. Sols., Inc.*, 2022 WL 17823664, at *11 (M.D. Fla. May 17, 2022) (holding any relevance of a party's size and financial condition was substantially outweighed by the danger of unfair prejudice); *Kapral v. GEICO Indem. Co.*, 2016 WL 7238909, at *2 (M.D. Fla. June 17, 2016) (granting GEICO's motion *in limine* to prevent references to its status as a "billion-dollar company" or a "profit center"); *Rollins v. State Farm*, 2011 WL 13234788, at *4 (N.D. Ga. July 5, 2011) (granting motion *in limine* where "any relevance of evidence about [the] [d]efendant's size and revenue is substantially outweighed by the risk of prejudice"). Defendants should not be allowed to divert the

jurors' attention away from the principle issue in this case—whether Defendants defrauded Plaintiffs—by playing on their sympathies or prejudices. Accordingly, pursuant to Rules 402 and 403, Defendants should be barred from offering argument or evidence regarding Plaintiffs' financial condition, size, or the number of individuals they employ.

    **C.    MIL No. 3: Defendants Should Be Precluded From Introducing Evidence Or Argument That Reference Plaintiffs' Motives For Filing This Lawsuit.**

Defendants should also be barred from (1) referencing or presenting evidence, argument, and/or testimony at trial regarding Plaintiffs' motives for filing this action; (2) suggesting to the jury that such evidence indicates Plaintiffs filed this lawsuit with an improper motive; and (3) suggesting to the jury that Plaintiffs have abused the justice system by filing this lawsuit.

First, evidence of a party's motive for filing its suit is irrelevant. *See, e.g.*, *Lonchar v. Thomas*, 517 U.S. 314, 332 (1996) ("[C]ourts will not look behind an action that states a valid claim on its face in order to try to determine the comparative weight a litigant places on various subjective reasons for bringing the claim."); *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 414 (M.D.N.C. 1992) ("It is well-established that in ordinary litigation [] the plaintiff's motive in bringing suit is not relevant to the subject matter of the litigation and is not a matter for discovery"); *Digital Equip. Corp. v. Sys. Indus., Inc.*, 108 F.R.D. 742, 743 (D. Mass. 1986) (survey of cases consistently found "the motive behind the institution of the action [is] not relevant to the subject matter involved"); *Samsung Elecs. Co., Ltd. v. NVIDIA Corp.*, 2016 WL 754547, at *4

(E.D. Va. Feb. 24, 2016) ("[M]otive for bringing suit is irrelevant to the trial."); *Ruth v. Triumph P'ships LLC*, 2008 WL 11517569, at *1 (N.D. Ill. Aug. 15, 2008) (reason why the plaintiffs filed the lawsuit is irrelevant).

Second, evidence about Plaintiffs' motives for filing this lawsuit should be barred under Rule 403 because it would distract from and confuse the issues at trial and would be unduly prejudicial to Plaintiffs. *See Samsung Elecs.*, 2016 WL 754547 at *4 (excluding evidence of motive for bringing suit because it would "necessarily detract from the real issues," "cause delay and waste of time," and "confuse the jury," all of which would be "unfairly prejudicial and would substantially outweigh any marginal relevance" of such evidence). Thus, the Court should prohibit Defendants from introducing this type of evidence or argument at trial.

    **D.    MIL No. 4: Defendants Should Be Precluded From Introducing Evidence Or Argument That This Lawsuit Has Injured Defendants Or Caused Damage To Their Reputations, About The Cost Of Defense, Or That Plaintiffs Are Trying To Run Defendants Out Of Business.**

Defendants should be precluded from offering argument or evidence that Plaintiffs' lawsuit has injured them or caused damage to any Defendant's reputation. Defendants should also be barred from offering argument or evidence about the cost of the litigation, Defendants' attorneys' fees, or the impact this litigation has had on Defendants' business or livelihood.

Evidence relating to the impact of Plaintiffs' lawsuit on Defendants, including their costs to defend against the Complaint, is irrelevant because it has no tendency to make the facts at issue in this case, whether Defendants defrauded Plaintiffs, more or

13

less likely. Thus, under Rule 402, such evidence is inadmissible. *See, e.g.*, *Rheinfrank v. Abbott Lab.*, 2015 WL 5258858, at *7 (S.D. Ohio Sept. 10, 2015) (granting motion *in limine* to exclude evidence of the cost of defense as irrelevant); *Harris v. Ford Motor Co.*, 2006 WL 5164774, at *1 (M.D. Tenn. July 11, 2006) (granting motion *in limine* to exclude "evidence of the costs, burdens or adverse effects of litigation").

This evidence should also be excluded because it seeks to improperly bias the jury against Plaintiffs while eliciting sympathy for Defendants. As such, the evidence is unduly prejudicial under Rule 403. *See, e.g.*, *In re RFC & ResCap Liquidating Tr. Action*, 2018 WL 4863597, at *19 (D. Minn. Oct. 8, 2018) ("The Court agrees with HLC that it would be unfairly prejudicial for ResCap to argue or present evidence that HLC 'drove RFC out of business' or 'contributed to RFC's demise,' and it will not be allowed to do so."); *Nat'l Bankers Tr. Corp. v. Peak Logistics, LLC*, 2014 WL 11514926, at *2 (W.D. Tenn. Nov. 10, 2014) (excluding evidence at trial that the contracting parties' actions and financial implications of a judgment "would put [the defendant] out of business or that [the defendant] has been driven out of business"); *Harris,* 2006 WL 5164774, at *3 (excluding "evidence of costs, burdens or adverse effects of litigation"); *Wielgus v. Ryobi Techs., Inc.*, 2012 WL 1853090, at *6 (N.D. Ill. May 21, 2012) ("the danger of [the evidence's] probative value being outweighed by its unfairly prejudicial impact is particularly high where a plaintiff references a defendant's financial status for the purpose of invoking the jury's sympathy by conjuring a David versus Goliath scenario.").

### E.  MIL No. 5: Defendants Should Be Precluded From Introducing Evidence Or Argument Referencing Plaintiffs' Other Litigation Or Investigations Involving Other Providers Who Are Not Parties To This Lawsuit.

Defendants may attempt to offer evidence and/or argument referencing Plaintiffs' other litigation and investigations regarding other providers. Throughout this litigation, Defendants have made express and implied references to other lawsuits and investigations. For example, in the briefing on their motion to dismiss, Defendants argued, "[Plaintiffs] ha[ve] filed hundreds of these lawsuits across the country over the last 15 years, recycling the same cookie-cutter complaint with the same accusations that medical providers use medically unnecessary treatment for patients . . . in virtually every case it files)." (ECF 48, PageID.539-40; *see also* ECF 113, PageID.2409 ("This is not State Farm's first rodeo. It has filed hundreds of PIP fraud lawsuits across the country over the last decade.") Defendants should be precluded from doing so at trial.

First, Plaintiffs' other litigation and investigations against other defendants are not relevant to any of the claims or defenses in this lawsuit. Plaintiffs' causes of action relate solely to Defendants' alleged fraudulent and unlawful activities. Investigations or lawsuits involving different fraudulent and/or unlawful activities and claims of different health care providers for different patients are irrelevant, and any evidence related to those investigations and lawsuits is inadmissible. *See* Fed. R. Evid. 401, 402; *State Farm v. Physician's Injury Care Ctr., Inc.*, 2009 WL 6357792, at *2 (M.D. Fla. Oct. 29, 2009) (granting motion *in limine* to preclude reference to or any evidence of State Farm's conduct in other litigation not involving the patients whose treatment is at issue

15

in the case); *Affiliati Network, Inc. v. Wanamaker*, 2017 WL 8784853, at *5 (S.D. Fla. Aug. 23, 2017) (granting motion *in limine* to exclude evidence regarding other litigation); *Energy Smart Indus., LLC v. Morning View Hotels-Beverly Hills, LLC*, 2015 WL 11233085, at *1 (S.D. Fla. June 4, 2015) (evidence of the plaintiffs asserting similar claims in other lawsuits is irrelevant under Rule 402 and inadmissible).

Second, even if evidence regarding other litigation or investigations is marginally relevant—and it is not—it should nevertheless be excluded at trial because its probative value would be substantially outweighed by the danger it would confuse the true issues in the case, mislead the jury, cause undue delay, and cause unfair prejudice to Plaintiffs. *See* Fed. R. Evid. 403. For example, Defendants may try to point to Plaintiffs' other investigations and lawsuits to suggest the causes of action in this case somehow lack merit. Of course, any such suggestion would be illogical, but to rebut it and prevent the jury from drawing an improper inference that Plaintiffs were not defrauded by Defendants here, Plaintiffs would need to devote substantial trial time to offer additional evidence regarding the unique facts and circumstances of the other litigation and investigations. Plaintiffs might also need to offer evidence showing that its allegations in each lawsuit survived a motion to dismiss or were otherwise meritorious. This would create a potential series of "mini-trials" that would distract the jury from the issues in this case and needlessly prolong the trial. *See McLeod v. Parsons Corp.*, 73 Fed. App'x. 846, 854 (6th Cir. 2003) (finding the district court did not abuse its discretion by excluding evidence of other lawsuits, and explaining "it is not apparent" evidence of other lawsuits is relevant "because there was no clear nexus

between these lawsuits and this case" and "the potential for prejudice that would have accompanied this evidence would have substantially outweighed its probative value, and this evidence would have misled the jury"); *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, 2011 WL 470561, at *5 (M.D. Fla. Feb. 2, 2011) (evidence of "settlements reached in other cases is prejudicial and would require re-litigating those other claims."); *Park W. Galleries, Inc. v. Glob. Fine Art Registry, LLC*, 2010 WL 891271, at *2 (E.D. Mich. Mar. 10, 2010) (evidence of the "[p]laintiff's other legal disputes" was inadmissible because it was "substantially outweighed by the danger of unfair prejudice, confusion of the issues, and considerations of undue delay and waste of time"). Accordingly, evidence and argument regarding Plaintiffs' other litigation and investigations should be excluded.

### F. MIL No. 6: Defendants Should Be Precluded From Introducing Evidence, Eliciting Testimony, Inviting Speculation, And Making Argument At Trial About The Parties' 2019 Confidential Discussions.

This Court has already issued an Order prohibiting Defendants from using the Parties' confidential discussions in 2019 for *any* purpose. (ECF 159, PageID.3586-87.) But the Court's ***"absolute prohibition"*** has not stopped Defendants from trying to introduce evidence, elicit testimony, make argument, and create inferences about the Parties' confidential discussions. For example, in their Motion for Partial Summary Judgment, Defendants argued Plaintiffs came to have "full knowledge" of Defendants' fraud between August and November 2019. (ECF 271, PageID.9100-02.) In the original version of their Motion, Defendants transparently (and repeatedly) argued Plaintiffs "confronted" them about fraud during this period, which (they argued)

17

proved Plaintiffs had "full knowledge" by the time they resumed paying Defendants' bills in November after the Parties' discussions ended. (*Id.*) Although Defendants amended their Motion, their argument remained improper because the crux of it did not change: Plaintiffs *must have* known about Defendants' fraud because the Parties had confidential discussions about Plaintiffs' concerns. (*Id.*) Defendants clearly intend to invite this same type of speculation about the Parties' confidential discussions at trial. Their exhibit list identifies the Tolling Agreement and other documents relating to these discussions. (*See, e.g.*, ECF 295, PageID.9617 (Ex. 41).) They also designated deposition testimony of State Farm witnesses regarding the Tolling Agreement and confidential discussions. (ECF 296.)

This Court should prohibit Defendants from mentioning or inviting any speculation about the Parties' confidential discussions at trial. Not only has the Court already prohibited *any* use of the confidential discussions in its prior ruling, but allowing Defendants to even mention them—by questioning a witness or introducing a document—to insinuate to the jury Plaintiffs must have known of their fraud is unfairly prejudicial and extremely confusing and misleading under Rule 403. Plaintiffs cannot rebut Defendants' insinuations and speculations without introducing evidence from that period showing what Plaintiffs knew. And this cannot be done without disclosing the Parties' confidential communications and violating the Tolling Agreement and this Court's Order. As a result, Defendants should be prohibited from introducing evidence, eliciting testimony, inviting speculation, and making argument about the Parties' confidential discussions at trial.

## III. CONCLUSION

For these reasons, Plaintiffs respectfully request the Court enter an Order precluding Defendants from referencing, or presenting evidence, argument, and/or testimony on the topics and issues discussed herein.

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies Plaintiffs conferred with Defendants via telephone on July 26, 2023 and Defendants oppose these combined motions.

By: /s/ Michael J. Powers / admitted *pro hac vice* / Katten Muchin Rosenman LLP 525 W. Monroe Street, Chicago, IL 60661-3693 / IL 6319443 / michael.powers@katten.com / (312) 902-5200

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will cause notice to be sent to all counsel of record.

By: /s/ Michael J. Powers